IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH ANDERSON,

    Plaintiff,

v.                                                      No. 25-cv-0059-DHU/DLM

EL PASO ELECTRIC COMPANY,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RECOMMENDING DENYING PLAINTIFF'S MOTIONS AND DENYING DEFENDANT'S MOTION TO DISMISS**

Pro se Plaintiff Kenneth Anderson brings suit against Defendant El Paso Electric Company. (Doc. 1-1.) Defendant removed the case to this Court on January 22, 2025, on the basis of federal question jurisdiction. Before the Court is Defendant's Motion to Dismiss, filed January 28, 2025. (Doc. 3.) Defendant contends that Plaintiff fails to state a claim because his lawsuit is time-barred. Plaintiff filed a response to Defendant's Motion on February 27, 2025. (Doc. 10.) Defendant filed its reply and supplemental reply (Docs. 9; 25.)

Plaintiff also filed a motion entitled "Motion for Relief/Objection to El Paso Electric Company Notice of Removal, Filed Late, and Lacking Subject Matter Jurisdiction" ("Motion for Relief"), effectively a motion to remand, on February 13, 2025. (Doc. 7.) In the Motion for Relief, Plaintiff asserts that Defendant's removal was untimely by one day and that the Court lacks subject matter jurisdiction. Defendant filed its response to Plaintiff's motion on February 25, 2025. (Doc. 8.) Plaintiff then filed two additional motions on May 5, 2025—a Motion for Summary Judgment and a Motion for Default Judgment—arguing again that Defendant's removal of the case was

improper. (Docs. 21–22.) Defendant filed a Response to these motions on May 19, 2025. (Doc. 24.) Plaintiff also filed an additional motion, entitled "Motion for Rejection Order Requested for the False Representation of Material Facts by El Paso Electric Company" ("Motion for Rejection"), on June 16, 2025. (Doc. 28.) He again asserts that Defendant's removal was untimely. Defendant filed its response on June 30, 2025. (Doc. 32.)

United States District Judge David H. Urias referred the case to the undersigned to make proposed findings and a recommended disposition. (Doc. 19.) After careful review and consideration of the filings, I find that Defendant's removal of the case to this Court was proper and thus recommend denial of Plaintiff's Motion for Relief, Motion for Summary Judgment, and Motion for Rejection. Furthermore, default judgment against Defendant is not appropriate, and I recommend denying Plaintiff's Motion for Default Judgment. Finally, I recommend denying Defendant's Motion to Dismiss because it cannot conclusively show from the pleadings that Plaintiff's suit is time-barred.

### I.     Factual and Procedural Background

Plaintiff filed a 13-page complaint with 151 pages of attached exhibits. (Doc. 1-1.) Plaintiff alleges that Defendant is a public utility company, empowered with the ability to exercise eminent domain and condemnation. (*Id.* ¶ 39.) He asserts that Defendant entered his land after obtaining a permit from the New Mexico State Highway Department on November 16, 1998, and built a line extension to serve a commercial cellphone tower with electricity within the city limits of Las Cruces, New Mexico. (*Id.* ¶¶ 1, 20.) He claims that the land was not zoned to allow commercial cellphone tower business, that the line interferes with the owners' access, and that the permit did not allow for construction of a cellular tower. (*Id.* ¶¶ 1, 27.) Plaintiff alleges that the November 16, 1998 permit had a term of 25 years and expired in 2023. (*Id.* ¶ 5.)  He also asserts  that under

N.M. Administrative Code 17.4.2.17(A), such permits are not allowed to exceed a maximum term of 25 years. (*Id.*) He claims that Defendant is in violation of the maximum term and refuses to vacate his land despite Plaintiff making multiple demands for Defendant to vacate. (*Id.* ¶¶ 5, 6, 34–36.)

Plaintiff contends that he did not learn of the permit until April 18, 2024, and he states that the permit denies Defendant any rights to the property because the permit states "no easement or land rights." (*Id.* ¶¶ 21, 23–24.) Plaintiff asserts that he has given notice to Defendant to cease and vacate, and Defendant's refusal to comply with the terms of the permit demonstrates that Defendant is in default of its terms. (*Id.* ¶¶ 26, 30.) He claims that the permit failed to represent honestly the electric line that was built because there was a hidden line extension. (*Id.* ¶ 44.)

Plaintiff contends that Defendant has taken and damaged his property for which compensation is due. (*Id.* ¶ 47.) He claims that Defendant is criminally trespassing, violating the New Mexico constitution to peaceful enjoyment of his property, and violating the Fifth Amendment and Fourteenth Amendment of the United States Constitution. (*Id.* ¶¶ 50, 52–53.) Plaintiff also claims Defendant is violating New Mexico statutes and Las Cruces city ordinances. (*Id.* ¶¶ 45–46, 58–59.)

Plaintiff requests that Defendant cease and desist occupation of his land and remove all electric line extensions to the cellphone tower. (*Id.* at 14.) Alternatively, he requests that Defendant condemn the land required for its facilities. (*Id.*) Plaintiff also seeks damages in the amount of $7,228,270, which he contends correspond to New Mexico statutory amounts. (*Id.* at 15–16.)

Plaintiff filed his Complaint in the Third Judicial District Court, Doña Ana County, New Mexico on December 16, 2024. Defendant states that it was served on December 23, 2024, and it removed the case to this Court on January 22, 2025, on the basis of federal question jurisdiction.

(Doc. 1 at 2.) On January 28, 2025, Defendant filed a Motion to Dismiss for Failure to State a Claim. (Doc. 3.) In this motion, Defendant contends that Plaintiff's trespass claim fails because Plaintiff's exclusive remedy is an inverse condemnation claim—not trespass—and the inverse condemnation claim is time-barred by a ten-year acquisition by prescription period. Thus, Defendant asserts that Plaintiff's complaint should be dismissed.

Plaintiff filed a Motion for Relief arguing that Defendant's removal was improper because it was untimely, and the Court does not have federal subject matter jurisdiction. (Doc. 7.) He effectively seeks remand of the case to state court. (*See id.*) Plaintiff then filed three additional motions—a Motion for Summary Judgment, a Motion for Default, and a Motion for Rejection. (Docs. 21–22; 28.) In his summary judgment motion, he again asserts that Defendant's removal was untimely, albeit for a different reason than his first motion. (Doc. 21.) In his Motion for Default, Plaintiff requests default judgment against Defendant and again asserts that removal was untimely. (Doc. 22.) Finally, in his Motion for Rejection, Plaintiff states that Defendant's removal was untimely. (Doc. 28.)

I will first address Plaintiff's motions discussing the propriety of Defendant's removal of the case and his corresponding request for remand to the state court. Next, I will address Plaintiff's Motion for Default Judgment. Finally, I will address Defendant's Motion to Dismiss.

**II.   Discussion**

Plaintiff proceeds pro se, and the Court keeps in mind pro se litigant standards. A pro se litigant's pleadings are broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based." *Id.* (citations omitted).

### A.  Plaintiff's Motion for Relief (Doc. 7)

Plaintiff contends that Defendant's removal was untimely because Defendant was served on December 23, 2024, and it filed its Notice of Removal on January 22, 2025. In addition, he argues that the Court lacks federal subject matter jurisdiction because his Complaint contains more allegations relating to state law than federal law. He effectively seeks remand to state court.

#### 1.  Legal Standard

Under 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." If an action originally filed in state court could have been heard in federal court, it can be removed to federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

In addition to a lack of subject matter jurisdiction, defects in the removal procedure may justify remand back to the state court. *See* 28 U.S.C. § 1447(c). A procedural defect includes an untimely notice of removal. *Garcia v. Martinez*, 414 F. Supp. 3d 1348, 1352 (D.N.M. 2019) (citations omitted). 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"The Supreme Court has interpreted § 1446(b) to require formal service of process upon the defendant before the thirty-day removal period begins to run." *Ham v. CarMax Auto Superstores, Inc.*, 23-cv-1057 DHU/JFR, 2024 WL 2091862, at *2 (D.N.M. May 9, 2024) (citing

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007)) (subsequent citation omitted).

## 2. Discussion

### a. Subject Matter Jurisdiction

Plaintiff asserts that the Court lacks federal subject matter jurisdiction because the majority of the allegations in his Complaint reference New Mexico state law, and he only briefly references federal law. Indeed, Plaintiff argues that 98% percent of his Complaint relates to New Mexico law. (Doc. 7 at 3.) He also contends that his claims for financial damages do not arise under federal law but under New Mexico state law. (*Id.* at 4.)

Plaintiff, however, specifically asserts in his Complaint that Defendant, whom he alleges is a public utility company empowered with eminent domain and condemnation authority, violated the Fifth and Fourteenth Amendments of the United States Constitution, and the New Mexico Constitution when building and staying on his property. (Doc. 1-1 ¶39, 53.) He specifically references the Fifth Amendment for the propositions that private property shall not be taken for public use without just compensation enforceable through civil action. (*See id.*). Furthermore, Plaintiff does not deny that he references federal law, and he continues to reference, at least peripherally, the United States Constitution in his responses. (*See* Doc. 10 at 27–28.) Accordingly, Plaintiff invokes federal law in his Complaint, and subject matter jurisdiction is therefore present.

### b. Timeliness of Removal

In Plaintiff's Motion for Relief, he states that Plaintiff served Defendant on December 23, 2024. (Doc. 7 at 2.) He contends that Defendant's removal is untimely because removal occurred 31 days after receipt of the Complaint. (*Id.*) Defendant asserts that its Notice of Removal, filed on January 22, 2025, was timely because it was within 30 days of service. Defendant is correct.

Defendant was served on December 23, 2024. However, the Court does not count December 23 when calculating the 30-day time period. *See* Fed. R. Civ. P. 6(a)(1)(A) (stating that when computing any time period stated in days to "exclude the day of the event that triggers the period."). Thus, the timeframe began on December 24, 2024, and counting days successively from December 24, including Saturdays, Sundays, and legal holidays, *see id.* 6(a)(1)(B), the 30-day deadline for removal would be January 22, 2025. Thus, Defendant's Notice of Removal on that date is timely. Accordingly, I recommend denial of Plaintiff's Motion for Relief. (Doc. 7.)

      **B.**      **Plaintiff's Motion for Summary Judgment (Doc. 21)**

In Plaintiff's Motion for Summary Judgment, he again asserts that Defendant failed to timely remove the case. (*See* Doc. 21.) Yet in this motion, he contends that Defendant was served on December 19, 2024, and thus removal occurred more than the 30 days allowed by 28 U.S.C. § 1446(b). (*See id.* at 2.) Plaintiff states that Defendant's removal is void, and he requests summary judgment in the amount requested in the Complaint. (*Id.* at 8.)

To begin, Plaintiff's Motion for Summary Judgment is procedurally improper. As Defendant notes, "[t]he purpose of a summary judgment motion . . . is to determine whether there is evidence to support a party's factual claims." (Doc. 24 at 2 (quoting *In re Grandote Country Club Co., Ltd.*, 252 F.3d 1146, 1149 (10th Cir. 2001)).) In addition, a party is required to set forth facts that indisputably demonstrate that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Belgravia Hartford Gold Assets Corp. v. PolyNatura Corp.*, 765 F. Supp. 3d 1215, 1237 (D.N.M. 2025) (citing D.N.M.L.R.-Civ. 56.1(b)). Plaintiff's argument that he is entitled to summary judgment in the amount requested in Complaint is improper as he fails to establish with uncontroverted facts that his claims have merit or that he is entitled to any monetary amount.

Plaintiff's motion is more akin to another motion to remand. Under 28 U.S.C. § 1447(c), a motion to remand based on a procedural defect "must be made within 30 days after the filing of the notice of removal . . . ." As a result, Plaintiff's May 5, 2025 motion (Doc. 21.) is untimely and may be denied on that basis.[1]

Finally, Plaintiff's argument substantively fails. As noted above, the 30-day timeframe for removal begins once a defendant is properly served. *See Ham*, 2024 WL 2091862, at *2; *see also Paggen v. Heart of Am. Trans, Inc.*, No. 24-cv-1220-SMD-JFR, 2025 WL 1447246, at *3 (D.N.M. May 19, 2025) ("Courts in this District have interpreted 'service' per 1446(b) to require proper service.") (citing *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1210 (D.N.M. 2012)). A plaintiff "bears the burden of establishing the validity of service." *Ham*, 2024 WL 2091862, at *2 (citing *Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992)). In a case removed from state court to federal court, the Court looks to the law of the forum state "to determine whether service of process was perfected prior to removal." *Id.* (citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010)). In this case, the Court looks to New Mexico law.

Defendant states that it is a foreign corporation because it is incorporated in Texas and authorized to do business in New Mexico. (Docs. 24 at 7; 24-9–24-10.) Under New Mexico law, service on a foreign corporation may be affected by "serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." Rule 1-004(G)(1)(a) NMRA. If the agent is one authorized by statute to receive service, the agent may be served by mail. *Id.*

Here, Plaintiff alleges that he served Defendant by mail on December 19, 2024. (*See* Doc. 21 at 2.) To *properly* serve a corporation or other business entity by mail, the plaintiff must ensure

---

[1] Plaintiff's Motion for Relief (Doc. 7.) is timely because it was filed on February 13, 2025—within 30 days of Defendant's January 22, 2025 removal.

that service is made upon an officer, a managing or a general agent, or to any other agent who is "authorized by appointment, by law or by this rule to accept service of process upon the defendant [and who] signs a receipt for the envelope or package containing the summons and complaint, writ or other process." *See* Rule 1-0004(E)(3), (G)(3) NMRA. "'An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair or does some service for the principal, with or without compensation.'" *See Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 48 P.3d 50, 55 (N.M. 2002) (quoting UJI 13-401 NMRA).

Plaintiff fails to meet his burden to demonstrate that Defendant was properly served on December 19, 2024. Plaintiff's documents show that he mailed the complaint and summons to Defendant at an address on Compress Road in Las Cruces, New Mexico, and it was signed for by an individual named Angel Anchondo. (Doc. 21 at 20–22.) Plaintiff fails to show that Achondo is an individual authorized to accept service on behalf of Defendant. Plaintiff provides the Court with a copy of a LinkedIn profile page for Angel Anchondo, which states that Anchondo works for "Moreno Cardenas as a contract engineer in collaboration with El Paso Electric." (Doc. 21 at 23.) This document is insufficient to show that Anchondo was an officer, manager, general agent, or authorized agent of Defendant that could accept service on behalf of Defendant. Consequently, Plaintiff fails to demonstrate proper service on December 19, 2024, and Defendant's time for removal did not begin running on that date.

In sum, I recommend denying Plaintiff's Motion for Summary Judgment because it is both procedurally improper and it fails on the merits.

C.   **Motion for Rejection (Doc. 28)**

Plaintiff again argues in the Motion for Rejection that Defendant's removal was untimely

because Defendant was served on December 19, 2024. This motion fails for the same reasons that the Motion for Summary Judgment does, and I recommend denying it.

### D.     Plaintiff's Motion for Default (Doc. 22)

Plaintiff requests that the Court enter default judgment against Defendant in the amount of $7,228,270 plus interest and court costs. (Doc. 22 at 2.) Plaintiff contends that Defendant did not answer the Complaint and again asserts that Defendant's removal was improper.[2] Thus, he asserts that he is entitled to default judgment.

There is a two-step process to obtain a default judgment. Federal Rule of Civil Procedure 55(a) allows a default entry against a party when that party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). Following entry of default by the clerk, Rule 55(b) allows the clerk or the court to enter default judgment depending on which circumstances are applicable. Fed. R. Civ. P. 55(b)(1)–(2). "[A] party *must* seek entry of default by the clerk before it can move the court for default judgment." *Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011) (citations omitted). In this case, Plaintiff did not seek an entry of default. Thus, default judgment cannot be granted.

Furthermore, default is inappropriate because Defendant did not fail to plead or otherwise defend itself. Instead, Defendant filed a Motion to Dismiss. (Doc. 3.) Filing a motion to dismiss alters the defendant's timeframe for which to file an answer. Fed. R. Civ. P. 12(a)(4)(A) (stating that filing a motion under Rule 12 alters the time period for the responsive pleading, and "the responsive pleading must be served within 14 days after notice of the court's action."). Here, Defendant's Motion to Dismiss remains pending, and thus Defendant is not yet required to file an answer. Accordingly, entry of default is improper on this basis as well.

---

[2] Plaintiff's removal argument fails for the same reasons addressed above.

  **E. Defendant's Motion to Dismiss (Doc. 3)**

    **1. Legal Standard**

"To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Murphy v. United States*, No. 20-cv-0557 GBW/SMV, 2020 WL 6939716, at *4 (D.N.M. Dec. 14, 2020) (quoting *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011)) (quotation marks omitted). To state a plausible claim, a complaint does not need detailed factual allegations but requires more than a recitation of the elements of the claim or mere conclusory statements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When determining whether a claim is plausible, a court must assume the facts in the complaint are true and draw all reasonable inferences in the plaintiff's favor, but it does not need to accept legal conclusions. *See Leverington*, 643 F.3d at 723; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Indeed, a complaint may survive a Rule 12(b)(6) motion to dismiss even if it is unlikely a plaintiff will be able to prove the facts he alleges. *See Murphy*, 2020 WL 6939716, at *4. In other words, all a complaint must do is include allegations that, assuming they are true, make the claim for relief more than merely speculative, even if it is ultimately unlikely they can be proven to be true. *See Twombly*, 550 U.S. at 556.

Generally, affirmative defenses must be pled in a defendant's answer and not argued in a motion to dismiss. *Carrillo v. New Mexico ex rel. Children, Youth & Families Dep't*, 405 F. Supp. 3d 1048, 1057 (D.N.M. 2019). There are, however, some exceptions. *Id.* For example, a "defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense

are apparent on the complaint's face." *Id.* (citing *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965)). A statute of limitations defense "is the affirmative defense that the complaint's uncontroverted facts is most likely to establish." *Id.* (citation omitted). "If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6)." *Id.* (citations omitted).

### 2. Discussion

Plaintiff alleges that Defendant entered his real property, after obtaining a permit but without his permission, and extended an electric line, and underground conduit, to provide electricity to a cellphone tower. Plaintiff claims that he just learned of the permit in 2024, and the 25-year permit expired in 2023. He states that Defendant is in violation of the maximum term and refuses to vacate his land.

Defendant asserts that Plaintiff's trespass claim fails because Plaintiff's exclusive remedy is an inverse condemnation claim, which is barred by the limitations period. (Doc. 3 at 6.) "The Fifth Amendment's Takings Clause provides that private property shall not 'be taken for public use without just compensation.'" *Britton v. Keller*, No. 19-cv-1113 KWR/JHR, 2020 WL 1889017, at *2 (D.N.M. April 16, 2020) (quoting U.S. Const. amend. V). The Takings Clause of the Fifth Amendment is applied against the states through the Fourteenth Amendment. *See id.*; *see also Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Protection*, 560 U.S. 702, 707 (2010). Similarly, the New Mexico Constitution provides the same protection as the Fifth Amendment, *i.e*, it forbids the taking of property without just compensation. *Moriarty Sch. Dist. Bd. of Educ. v. Thunder Mountain Water Co.*, 161 P.3d 869, 872 (N.M. 2007) (citing N.M Const. art. II, § 20).

"Inverse condemnation is the appropriate and exclusive remedy for a trespass action against a state entity authorized to exercise the power of eminent domain." *Ortiz v. N.M. Dep't of*

*Cultural Affairs*, No. 16-cv-1396 JB/JHR, 2018 WL 637394, at *9 (D.N.M. Jan. 31, 2018) (citing *Townsend v. State ex rel. State Highway Dep't*, 871 P.2d 958, 960 (N.M.1994)). "Inverse condemnation is a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency." *Britton*, 2020 WL 1889017, at *2 (quoting *United States v. Clarke*, 445 U.S. 253, 257 (1980)). "'It is beyond cavil that governmental action is required to trigger the application of this clause; it does not apply to private parties who are not state or governmental actors.'" *Ortiz*, 2018 WL 637394, at *9 (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004)). "[I]f a state entity has eminent domain authority, [N.M. Stat. Ann.] § 42A-1-29 applies, while a taking by a state entity without eminent domain authority is subject to a Fifth Amendment Takings Claim." *Ortiz*, 2018 WL 637394, at *9.

Defendant argues that under New Mexico law, limitations of acquisition by prescription will bar a takings claim when the entity alleged to have done the taking is not a state agency or political subdivision. (Doc. 3 at 5.) Specifically, Defendant relies on N.M. Stat. Ann. § 42A-1-30, which provides that "[t]he defendant to an action brought pursuant to Section 42A-1-29 NMSA 1978 may plead . . . acquisition by prescription as a defense to the action, but no other statute of limitation shall be applicable or pleaded as a defense thereto except as providing in Section 42A-1-31 NMSA 1978."

Acquisition by prescription, or a public easement by prescription, "is created by an adverse use of land, that is open or notorious, and continued without effective interruption for the prescriptive period (of ten years)." *Algermissen v. Sutin*, 61 P.3d 176, 180 (N.M. 2002) (citing Restatement (Third) of Property: Servitudes (2000) §§ 2.16–2.17). "[A]dverse use is a use made

without the consent of the landowner." *Id.* at 181. Open use "must be visible or apparent." *Id.* at 183 (citation omitted). "To be notorious, the claimant's use of the property must be either actually known to the owner or widely known in the neighborhood." *Id.* (citation omitted). Finally, "[f]or the use to be continuous, it must take place with the same consistency that a normal owner of the claimed servitude would make, so long as that use is reasonably frequent." *Id.* at 184 (citations omitted). And

> [t]he requirement that the use be uninterrupted . . . refers to the actions of the prospective servient owner. If the owner takes any action that stops the claimants' use of the property, this will defeat the claim. The owner's actions could be physical, such a blocking access to the property, or legal, such as bringing an action for ejectment. *Id.*

Defendant then cites to different New Mexico law that provides "[a]cquisition by prescription is not a taking and does not require compensation to the landowner for the servitude." (Doc. 3 at 6 (quoting *Luevano v. Maestas*, 874 P.2d 788, 795 (N.M. 1994)).

Defendant's motion to dismiss raises more questions than answers. Defendant contends that Plaintiff's state law trespass claim fails because Plaintiff's exclusive remedy is an inverse condemnation claim. (Doc. 3 at 1, 6.) Then, Defendant relies on an affirmative defense as a basis for dismissal, which is generally not appropriate on a motion to dismiss. And although Defendant states that it relies on the statute of limitations, Defendant generally argues about the underlying factual predicate for the defense of acquisition by prescription—adverse use, open and notorious, and continuous use without interruption. Thus, Defendant's argument/defense is not simply directed at a timeframe, but it is instead directed to the underlying elements of the defense.

In addition, Defendant argues that Plaintiff's exclusive *remedy* for a state law trespass claim is an inverse condemnation claim. And although *governmental action* is generally required to trigger the application of the takings clause, *see Ortiz*, 2018 WL 637394, at *9, Defendant then

contends that the claim is barred by a state statute of limitations (acquisition by prescription) that is applicable to an entity that is *not* a state agency or political subdivision. (*See* Doc. 3 at 5 (citing N.M. State. Ann. §§ 42A-1-30–31).) Thus, it is unclear whether Defendant is contending that it performed governmental action or whether it is *not* a state agency.[3] Again, as noted above, Defendant's motion raises more questions than answers.

In sum, although Defendant contends that it is apparent from the four corners of Plaintiff's Complaint that Plaintiff's claim(s) are time-barred, the Court cannot so conclude. Thus, Defendant's Motion to Dismiss does not demonstrate that dismissal in appropriate at this time. Accordingly, I recommend denying Defendant's Motion to Dismiss.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's "Motion for Relief / Objection to El Paso Electric Company Notice of Removal, Filed Late, and Lacking Subject Matter Jurisdiction" (Doc. 7) be **denied**, Plaintiff's Motion for Summary Judgment (Doc. 21) be **denied**, Plaintiff's Motion for Default Judgment (Doc. 22) be **denied**, Plaintiff's Motion for Rejection Order (Doc. 28) be **denied**, and Defendant's Motion to Dismiss (Doc. 3) be **denied**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no**

---

[3] Defendant removed the case on the basis that there was federal question jurisdiction because Plaintiff referenced and relied on the Fifth Amendment. Although the Court agrees that Plaintiff referenced federal law in his Complaint, and removal appears proper, there is no substantive discussion of federal law in this Motion to Dismiss. Instead, the primary discussion concerns a state statute of limitations. In addition, Plaintiff alleges in his Complaint that Defendant is a public utility company, empowered with eminent domain and condemnation powers. In Defendant's responses to Plaintiff's motions to remand, Defendant demonstrates that it is a corporation in Texas.

Case 2:25-cv-00059-DHU-DLM    Document 33    Filed 07/15/25    Page 16 of 16

**objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE