IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH ANDERSON,

    Plaintiff,

vs.                                                                                                   No. 25-cv-0059-DHU/DLM

EL PASO ELECTRIC COMPANY,

    Defendant.

## ORDER ADOPTING MAGISTRATE
## JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION IN PART

THIS MATTER comes before the Court on Defendant's Motion to Dismiss, Doc. 3; Plaintiff's Motion for Relief/Objection to El Paso Electric Company Notice of Removal, Filed Late, and Lacking Subject Matter Jurisdiction ("Motion for Relief"), Doc. 7; Plaintiff's Motion for Summary Judgment, Doc. 21; Plaintiff's Motion for Default Judgment, Doc. 22; and Plaintiff's Motion for Rejection Order, Doc. 28.

This case was referred to United States Magistrate Judge Damian L. Martinez for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 19. On July 15, 2025, Judge Martinez issued his Proposed Findings and Recommended Disposition Recommending Denying Plaintiff's Motions and Denying Defendant's Motion to Dismiss ("PFRD"). Doc. 33. The Magistrate Judge recommended denying all of the above-referenced motions. Doc. 19. The Magistrate Judge found that Defendant's removal of the case to this Court was proper and thus recommended denying Plaintiff's Motion for Relief, Motion for Summary Judgment, and Motion for Rejection. *Id.* The Magistrate Judge also found that default judgment against Defendant was not appropriate, and so recommended denying Plaintiff's Motion for

Default Judgment. *Id.* Finally, the Magistrate Judge recommended denying Defendant's Motion to Dismiss because Defendant could not conclusively show from the pleadings that Plaintiff's suit is time-barred. *Id.* Defendant El Paso Electric Company filed objections to the PFRD, Doc. 35, which Plaintiff responded to, Doc. 39. Plaintiff also filed objections (entitled "Reply"), Doc. 36, which Defendant responded to, Doc. 37.

Having reviewed the parties' objections to the Magistrate Judge's PFRD, the Court overrules the majority of Defendant's objections to the PFRD, overrules Plaintiff's objections, and adopts the PFRD's ultimate recommendation to deny all pending motions, though for different reasons than those set forth in the PFRD.

## I. BACKGROUND

Pro se Plaintiff Kenneth Anderson brought suit against Defendant El Paso Electric Company in state court. Doc. 1-1. In the Complaint, Plaintiff alleges that Defendant is a public utility company, empowered with the ability to exercise eminent domain and condemnation. *Id.* ¶ 39. He asserts that Defendant entered his land after obtaining a permit from the New Mexico State Highway Department on November 16, 1998, and built a line extension to serve a commercial cellphone tower with electricity within the city limits of Las Cruces, New Mexico. *Id.* ¶¶ 1, 20. He claims that the land was not zoned to allow commercial cellphone tower business, that the line interferes with the owners' access, and that the permit did not allow for construction of a cellular tower. *Id.* ¶¶ 1, 27. Plaintiff alleges that the November 16, 1998 permit had a term of 25 years and expired in 2023. *Id.* ¶ 5. He also asserts that under N.M. Administrative Code 17.4.2.17(A), such permits are not allowed to exceed a maximum term of 25 years. *Id.* He claims that Defendant is in violation of the maximum term and refuses to vacate his land despite Plaintiff making multiple demands for Defendant to vacate. *Id.* ¶¶ 5, 6, 34–36.

Defendant removed the case to this Court on January 22, 2025, on the basis of federal question jurisdiction. Defendant then filed a Motion to Dismiss premised on three arguments: (1) inverse condemnation is the only remedy available to Plaintiff and therefore his trespass claim should be dismissed; (2) Plaintiff's trespass claim is barred by the relevant statute of limitations; (3) Plaintiff's inverse condemnation claim is barred because a prescriptive easement was formed after ten years. Doc. 3.

Plaintiff filed multiple motions. Docs. 7, 21, 22, and 28. In each of these motions, Plaintiff primarily contested the appropriateness of Defendant's removal. In the PFRD, the Magistrate Judge recommended that Plaintiff's motions be denied because Defendant's removal was proper, and that Defendant's motion be denied because it was not conclusively shown from the pleadings that Plaintiff's suit was time-barred.

## II. STANDARD OF REVIEW

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or

3

for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

As plaintiff is *pro se*, the Court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. LEGAL STANDARDS

Section 20, Article 2, of the New Mexico Constitution and the Fifth Amendment to the United States Constitution forbid the taking of private property for public use without just compensation. *Bd. of Educ. v. Thunder Mountain Water Co.*, 2007-NMSC-031, ¶ 8, 141 N.M. 824, 827. "The Takings Clause, as incorporated by the Fourteenth Amendment and applied to the states, requires the state to make a 'reasonable, certain, and adequate provision for obtaining [just] compensation' at the time of a state's taking of private property for public use." *Ortiz v. New Mexico Dep't of Cultural Affs.*, No. CV 16-1396 JB/JHR, 2018 WL 637394, at *9 (D.N.M. Jan. 31, 2018) (quoting *Manning v. Energy Minerals*, 2006-NMSC-027, ¶ 46, 144 P.3d 87, 97-98). Section 20, Article 2, of the New Mexico Constitution states "[p]rivate property shall not be taken or damaged for public use without just compensation." N.M. Const. art. II, § 20. To evaluate a taking claim under the New Mexico Constitution, the Court may look to both state and federal case law because New Mexico's Constitution provides protections similar to the Takings Clause of the Fifth Amendment. *Moongate Water Co., Inc. v. City of Las Cruces*, 2013-NMSC-018, ¶ 17.

## IV. DISCUSSION

### A. Plaintiff's Objections.

Plaintiff filed multiple motions primarily arguing that Defendant's removal was untimely, and he appears to seek remand to state court. Plaintiff argued in his first motion, Doc. 7, both that

the Court lacked subject matter jurisdiction because he only peripherally referenced federal law and that Defendant's removal was untimely because Defendant was served on December 23, 2024, and removal occurred more than 30 days later. In Plaintiff's other motions, Docs. 21, 22, and 28, Plaintiff asserted that Defendant was served on December 19, 2024, and Defendant's removal was untimely.

The PFRD addressed both the procedural and substantive issues with Plaintiff's arguments. Ultimately, the PFRD found that service on Defendant occurred on December 23, 2024, and Defendant's removal on January 22, 2025, was timely because it was within 30 days of service. In addition, the PFRD found that subject matter jurisdiction existed. Accordingly, the PFRD recommended denying Plaintiff's motions.

Plaintiff objects to this finding. Plaintiff's briefing, as well as the allegations in his complaint, are often hard to understand. Plaintiff appears to repeat arguments by asserting that Defendant was served on December 19, 2024. Doc. 36 at 22–26.

Having carefully reviewed the briefs, the PFRD, and Plaintiff's objections, the Court overrules Plaintiff's objections. The Court agrees with the finding that subject matter jurisdiction is present. Doc. 19 at 6. Plaintiff asserts in his Complaint that Defendant, whom he alleges is a public utility company empowered with eminent domain and condemnation authority, violated the Fifth and Fourteenth Amendments of the United States Constitution, and the New Mexico Constitution when building and staying on his property. Doc. 1-1, ¶ 39, 53. He references the Fifth Amendment for the propositions that private property shall not be taken for public use without just compensation enforceable through civil action. *See id.* Furthermore, Plaintiff does not deny that he references federal law, and he continues to reference, at least peripherally, the United States Constitution in his responses. *See* Doc. 10 at 27–28. Therefore, the Court finds that Plaintiff

5

invokes federal law in his Complaint, and subject matter jurisdiction is therefore present.

The Court also agrees with the Magistrate Judge that service on Defendant occurred on December 23, 2024, and therefore Defendant's removal on January 22, 2025, was timely because it was within 30 days of service. As a result, the Court adopts the PFRD as it relates to Plaintiff's objections and denies Plaintiff's Motions (Docs. 7, 21, 22, and 28).

### B. Defendant's Objections.

In its Motion to Dismiss, Defendant raised three primary arguments: (1) inverse condemnation is the only remedy available to Plaintiff and therefore his trespass claim should be dismissed; (2) Plaintiff's trespass claim is barred by the relevant statute of limitations; (3) Plaintiff's inverse condemnation claim is barred because a prescriptive easement was formed after ten years. Doc. 3.

The PFRD includes the following findings regarding the Motion to Dismiss:

> Defendant's motion to dismiss raises more questions than answers. Defendant contends that Plaintiff's state law trespass claim fails because Plaintiff's exclusive remedy is an inverse condemnation claim. (Doc. 3 at 1, 6.) Then, Defendant relies on an affirmative defense as a basis for dismissal, which is generally not appropriate on a motion to dismiss. And although Defendant states that it relies on the statute of limitations, Defendant generally argues about the underlying factual predicate for the defense of acquisition by prescription—adverse use, open and notorious, and continuous use without interruption. Thus, Defendant's argument/defense is not simply directed at a timeframe, but it is instead directed to the underlying elements of the defense.
>
> In addition, Defendant argues that Plaintiff's exclusive *remedy* for a state law trespass claim is an inverse condemnation claim. And although *governmental action* is generally required to trigger the application of the takings clause, *see Ortiz*, 2018 WL 637394, at *9, Defendant then contends that the claim is barred by a state statute of limitations (acquisition by prescription) that is applicable to an entity that is *not* a state agency or political subdivision. (*See* Doc. 3 at 5 (citing N.M. State. Ann. §§ 42A-1-30–31).) Thus, it is unclear whether Defendant is contending that it performed governmental action or whether it is *not* a state agency. Again, as noted above, Defendant's motion raises more questions than answers.
>
> In sum, although Defendant contends that it is apparent from the four corners of Plaintiff's Complaint that Plaintiff's claim(s) are time-barred, the Court cannot so

>  conclude. Thus, Defendant's Motion to Dismiss does not demonstrate that dismissal in appropriate at this time. Accordingly, I recommend denying Defendant's Motion to Dismiss.

Doc. 33 at 14-15 (footnote omitted).

In its Objections to the PFRD, Defendant requests a de novo review of the Magistrate Judge's denial of Defendant's Motion to Dismiss and a determination by the Court of whether Plaintiff's claims against Defendant are "time-barred based on the express allegations of Plaintiff's Complaint and no other pleading or evidence." Doc. 35 at 2. Defendant presents three specific objections to the PFRD. *See* Doc. 35 at 2-6.

### i. Defendant's First Objection

First, to the extent the Magistrate Judge's recommendation to deny Defendant's Motion to Dismiss is based on Defendant's reliance on the affirmative defense of a statute of limitations, Defendant argues the Magistrate Judge erred in the recommendation. Doc. 35 at 2. Defendant argues, "The Magistrate Judge correctly acknowledged a defendant can raise a defense as a basis of a motion to dismiss 'where the facts establishing the affirmative defense are apparent on the complaint's face,' and when 'the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).' " Doc. 35 at 2 (citing Doc. 33 at 11-12). The PFRD also states, "Defendant relies on an affirmative defense as a basis for dismissal, which is generally not appropriate on a motion to dismiss." *Id.* Defendant argues:

> it is not clear whether this statement forms any part of the basis for recommending the Motion to Dismiss be denied. To the extent the Magistrate Judge based his recommendation on the fact EPE's Motion to Dismiss is based on the affirmative defense of limitations, the recommendation should be disregarded and EPE's objection should be sustained, as when a complaint sets forth dates that fall outside of limitations, a defendant may move for dismissal under Rule 12(b)(6).

Doc. 35 at 2.

7

The Court disagrees with Defendant and will overrule this objection. Defendant's Motion to Dismiss raised two arguments affected by this objection: that Plaintiff's trespass claim is barred by the statute of limitations and that a prescriptive easement bars Plaintiff's inverse condemnation claim. These are affirmative defenses that are ordinarily not appropriately decided at the motion to dismiss phase. Fed. R. Civ. P. 8(c) (affirmative defenses must generally be pled in the defendant's answer rather than argued on a motion to dismiss); *Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 29, 298 P.3d 500 (statute of limitations is an affirmative defense); *McFarland Land and Cattle Inc. v. Caprock Solar 1, LLC*, 2023-NMSC-018, ¶ 4, 533 P.3d 1078 (identifying prescriptive easement as an affirmative defense).

Defendant cites to one exception to this general rule, stating that when a complaint sets forth dates that fall outside of limitations, a defendant may move for dismissal under Rule 12(b)(6). Doc. 35 at 2. However, the Court finds that this argument is overly simplistic and inapposite in this case because the bounds of the limitations periods relied upon by Defendant are not at all clear. Plaintiff's allegations implicate complex issues related to, for example, continuing trespass, as the Complaint is based on the installation of an extension line to a cellphone tower. Doc. 1-1, ¶ 1; *see e.g. City of Shawnee v. AT & T Corp.*, 910 F.Supp. 1546, 1562 (D.Kan. 1995) (applying the continuing trespass doctrine to the presence of a cable transmitting pulses of information and determining that the statute of limitations did not begin to run until the trespass was removed). As a result, the Court overrules Defendant's objection.

    ii.    **Defendant's Second Objection**

Second, Defendant contends that in a Rule 12(b)(6) motion, Defendant can only address the allegations asserted by Plaintiff in his Complaint, which is what Defendant's Motion to Dismiss does, and therefore the Magistrate Judge erred in stating that "it is unclear whether [EPE] is

contending that it performed governmental action or whether it is *not* a state agency." Doc. 35 at 3 (quoting Doc. 33 at 14-15). Defendant argues, "How EPE characterizes its conduct, however, is not germane to whether Plaintiff has stated claims for relief or if his claims are time-barred on the face of the pleadings, as it is the allegations of the Complaint that must be the Court's focus in determining a Rule 12(b)(6) motion to dismiss." Doc. 35 at 3.

> Defendant goes on to summarize the allegations in Plaintiff's Complaint:
>
> Plaintiff alleges EPE entered his property and built a line extension to service a commercial cell tower for which he seeks damages for "plaintiff's rights with Constitutional protections guaranteeing compensation . . . ." *Id.* ¶¶ 1 & 39. He goes on to allege "[a] lawsuit is permitted where private property is taken and damaged," and he is "subject to the threat of prosecution for illegal use of Lot 15 land in the City limits of Las Cruces by [EPE's] taking from his property and for damaging his property . . . for which compensation is due." *Id.* ¶ 47. As part of the "just compensation" Plaintiff seeks he requests the Court to award damages doubled damages based on trespass. *See id.* ¶ 59.

Doc. 35 at 3-4. Defendant argues Plaintiff's intent to seek relief based on a taking is clear because he attached the New Mexico state statute governing inverse condemnation actions to his Complaint. *Id.* Defendant argues that based on these allegations, "Plaintiff's claims sound in takings and trespass, for which an inverse condemnation claim is Plaintiff's exclusive remedy, as he alleges EPE exercised condemnation authority as a public utility." Doc. 35 at 4 (citing *Ortiz v. New Mexico Dep't of Cultural Affs.*, No. CV 16-1396 JB/JHR, 2018 WL 637394, at *9 (D.N.M. Jan. 31, 2018); *Townsend v. State ex rel. State Highway Dep't*, 1994-NMSC-014, ¶ 6, 117 N.M. 302, 304). Therefore, Defendant argues, to the extent Plaintiff alleges a trespass claim against Defendant, "the Magistrate Judge erred in recommending denial of the Motion to Dismiss on EPE's requested ground that Plaintiff's trespass claim fails to state a claim for relief because an inverse condemnation action is Plaintiff's exclusive remedy based on the allegations he set forth in his Complaint." Doc. 35 at 4.

The Court agrees with Defendant that in assessing a motion to dismiss under Rule 12(b)(6), it must accept as true the allegations in the Complaint. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). And the Court agrees with Defendant that it can be "inferred Plaintiff's Complaint attempts to set forth takings and trespass claims against EPE but is silent as to whether EPE is a state agency or was engaged in governmental action; rather, Plaintiff simply alleges EPE was a public utility" empowered with eminent domain and condemnation authority. Doc. 35 at 3 (citing Doc. 1-1, ¶¶ 1, 39, 47, & 59).

The Court finds that Plaintiff's Complaint alleges Defendant was a public utility company empowered with eminent domain and condemnation authority. Doc. 1-1, ¶ 39. In his Complaint, Plaintiff also cites to a state administrative rule indicating that "Public utilities have the power of eminent domain, which gives them quasi-public status." Doc. 1-1, ¶ 39. Plaintiff alleges Defendant entered his property and built a line extension to service a commercial cell tower for which he seeks damages for "plaintiff's rights with Constitutional protections guaranteeing compensation . . . ." *Id.* ¶¶ 1 & 39. He goes on to allege "[a] lawsuit is permitted where private property is taken and damaged," and he is "subject to the threat of prosecution for illegal use of Lot 15 land in the City limits of Las Cruces by [EPE's] taking from his property and for damaging his property . . . for which compensation is due." *Id.* ¶ 47. As part of the "just compensation" Plaintiff seeks he requests the Court to award damages doubled damages based on trespass. *See id.* ¶ 59.

The Court disagrees with Defendant that Plaintiff's trespass claim should be dismissed because an inverse condemnation claim is Plaintiff's exclusive remedy. Defendant relies on *Ortiz* for the proposition that, "Inverse condemnation is the appropriate and exclusive remedy for a trespass action against a *state entity authorized to exercise the power of eminent domain*." *Ortiz*, 2018 WL 637394, *9 (emphasis added). The Complaint is unclear as to whether Defendant is a

10

state entity authorized to exercise the power of eminent domain. As Defendant acknowledges, the Complaint alleges Defendant was a public utility empowered with eminent domain and condemnation authority. Doc. 35 at 3. Further, the case upon which *Ortiz* relies dismissed a plaintiff's claims for trespass and conversion not because "inverse condemnation is the appropriate and exclusive remedy for a trespass action," but because the plaintiff's claims were "not torts for which immunity has been waived by the [New Mexico Tort Claims Act]." *Townsend*, 1994-NMSC-014, ¶ 4.

Additionally, the Court is not inclined to dismiss a plaintiff's alternative theories of liability. A plaintiff is the master of their complaint and is permitted to plead alternative and inconsistent legal claims. Fed. R. Civ. P. 8(d)(3) ("Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency."); *Pirotte v. HCP Prairie Vill. KS OPCO LLC*, 580 F.Supp. 3d 1012, 1025 (D. Kan. 2022) (plaintiff is the master of his complaint). For example, a plaintiff is surely permitted to plead both an intentional tort and negligence based upon the same occurrence, despite the fact that the existence of intent would destroy the negligence claim and vice versa. Perhaps, if Plaintiff prevails on his inverse condemnation claim, that may prohibit any recovery for trespass, but there is no lawful basis to prevent Plaintiff from pleading these two separate causes of action.

The Court therefore overrules Defendant's objection that "the Magistrate Judge erred in recommending denial of the Motion to Dismiss on [Defendant's] requested ground that Plaintiff's trespass claim fails to state a claim for relief because an inverse condemnation action is Plaintiff's exclusive remedy based on the allegations he set forth in his Complaint." Doc. 35 at 4.

The next part of Defendant's objection is that "as to the trespass claim, the Magistrate Judge erred in failing to address EPE's alternative argument that the claim is barred by New Mexico's four-year statute of limitations." Doc. 35 at 4. The Court agrees that the PFRD should have addressed this alternative argument. However, for the reasons stated above, the Court does not agree that the trespass claim is barred by a statute of limitations. As explained above, the facts alleged in the Complaint suggest the theory of continuing trespass may apply, which implicates whether the claim is time-barred. *See McNeill v. Rice Eng'g & Operating, Inc.,* 2006-NMCA-015, ¶ 24, 139 N.M. 48, 54, 128 P.3d 476, 482 (collecting cases applying continuing trespass doctrine to instances of utility installations). Therefore, the Court overrules Defendant's objection that Plaintiff's trespass claim is barred by the four-year statute of limitations.

### iii. Defendant's Third Objection

Lastly, Defendant objects that "the Magistrate Judge erred in recommending that the Motion to Dismiss be denied on EPE's requested ground that the remainder of Plaintiff's claims are barred by limitations of acquisition by prescription." Doc. 35 at 5. Defendant also re-asserts that in assessing Defendant's argument, the Court must focus on the allegations in Plaintiff's Complaint. *Id.*

In its Motion to Dismiss, Defendant argued Plaintiff's inverse condemnation claim is "time-barred by the ten-year prescriptive period." Doc. 3 at 6. It went on:

> Anderson alleges facts that establish acquisition by prescription under NMSA 1978, § 42A-1-30, thereby time-barring his inverse condemnation claim based on his failure to timely file suit within the ten-year limitations period. That is, within the four corners of his Complaint, Anderson pleads facts tantamount to admissions from which the Court can infer limitations by prescription because Anderson sets forth facts that show the construction of the line extension was adverse, open and notorious, and continued without effective interruption for ten years. *Algermissen*, 2003-NMSC-001, ¶ 10, 133 N.M. at 54. Therefore, his inverse condemnation claim is barred by the ten-year limitations period.

Doc. 3 at 6-7. Defendant argued,

> Under New Mexico law, limitations of acquisition by prescription will bar a taking claim when the entity alleged to have done the taking is not a state agency or political subdivision. *See* NMSA 1978, §§ 42A-1-30 - 31. Acquisition by prescription occurs by adverse use of land that is open or notorious and continues without effective interruption for ten years. *Algermissen v. Sutin*, 2003-NMSC-001, ¶ 10, 133 N.M. 50, 54… "[A]cquisition by prescription is not a taking and does not require compensation to the landowner." *Luevano v. Maestas*, 1994 -NMCA- 051, ¶ 33, 117 N.M. 580, 587.

Doc. 3 at 5-6.

The Court overrules Defendant's objection. Defendant's argument that Plaintiff's inverse condemnation claim fails because of the existence of a prescriptive easement, or acquisition by prescription, is unavailing. The existence of a prescriptive easement is an affirmative defense, for which Defendant bears the burden of proof as to each element. NMSA 1978, Section 42A-1-30; *McFarland Land and Cattle Inc. v. Caprock Solar 1, LLC*, 2023-NMSC-018, ¶ 4, 533 P.3d 1078. The elements of a prescriptive easement are (1) an adverse use of land, (2) that is open and notorious, and (3) continued without effective interruption for the prescriptive period of ten years. *Algermissen v. Sutin*, 2003-NMSC-001, ¶ 10, 133 N.M. 50. In the posture of this case, Plaintiff's Complaint leaves considerable question as to whether Defendant's use of his land has been open and notorious. The Complaint alleges that at least some of the complained-of intrusion into Plaintiff's property is not "open and notorious." *See e.g.* Doc. 1-1, ¶ 44 (describing "hidden line extension" and electric line going down a pole to a covered underground conduit). Accordingly, it cannot be said that the facts establishing each of the elements of a prescriptive easement are apparent on the face of the complaint.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Relief / Objection to El Paso Electric Company Notice of Removal, Filed Late, and Lacking Subject Matter Jurisdiction"

13

(Doc. 7) is **DENIED**, Plaintiff's Motion for Summary Judgment (Doc. 21) is **DENIED**, Plaintiff's Motion for Default Judgment (Doc. 22) is **DENIED**, Plaintiff's Motion for Rejection Order (Doc. 28) is **DENIED**, and Defendant's Motion to Dismiss (Doc. 3) is **DENIED**.

    **IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
United States District Judge