IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH ANDERSON,

        Plaintiff,

v.                                                                                          No. 2:25-cv-0059 DHU/DLM

EL PASO ELECTRIC COMPANY,

        Defendant.

**ORDER**

**THIS MATTER** is before the Court on Plaintiff Kenneth Anderson's Declarations of

Discrimination, Conflict of Interest, Request for Recusal, and Request for Dismissal of the Case

without Prejudice. (Doc. 77.) Defendant El Paso Electric Company responded (Doc. 80), and

Plaintiff did not file a reply.

Plaintiff first asserts that he was discriminated against and denied the "equal right of

personal computer equipment" when the Court required him to seek permission to bring a laptop

into a hearing at the Las Cruces federal courthouse. (Doc. 77 at 1.) It is unclear whether Plaintiff

believes this policy is one of the reasons he relies upon to seek the undersigned's recusal. To the

extent Plaintiff attempts to add some type of discrimination claim in this case, it is improper. *See,*

*e.g.*, Fed. R. Civ. P. 15(a)(2). To the extent Plaintiff contends that the policy is grounds for recusal,

the Court will address the contention below when addressing Plaintiff's recusal request.

Plaintiff requests recusal of the undersigned because Plaintiff discovered in March 2026

that the undersigned "was a principal in the law firm Mynatt Martinez Springer" and "[t]he Mynatt

Springer law firm went to Court against [Plaintiff] . . . ." (*See* Doc. 77 at 2.) Plaintiff asserts that

the case is still pending. (*See id.*) In addition, he contends that "[p]romotional documents to market

the Mynatt Martinez Springer law firm prior to March 10, 2023, advertised that their specialty" was "minimizing City and State Constitutional awards in New Mexico." (*Id.* (emphasis omitted).) Thus, he apparently contends that these facts represent bias by the undersigned.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). Section 455(a)'s "recusal requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024) (quoting *Wells*, 873 F.3d at 1251) (brackets omitted). The Court applies an objective standard, limiting the inquiry to what a reasonable person would infer from "outward manifestations" and whether there is "a reasonable factual basis" to "call[] the judge's impartiality into question." *See id.* (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)) (subsequent citations and emphasis omitted). The Court analyzes how the factual basis "would appear to a *well-informed*, thoughtful and objective observer,'" who is "'an average member of the public,'" not a "'hypersensitive, cynical, and suspicious person.'" *Id.* at 1256 (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)).

Plaintiff's assertions are not supported by the record, and recusal is not warranted. Plaintiff contends that the Mynatt Springer law firm went to Court against him in a case he brought against the City of Las Cruces, New Mexico in 1993, *Anderson v. City of Las Cruces*, No. D-307-CV-

2

9301120. Although Plaintiff states that the case remains pending, the Court takes judicial notice of the fact that an Order of Dismissal was entered on September 29, 2025. (*See* Doc. 80-1.) Thus, Plaintiff's contention that the case remains pending is false.

In addition, and most importantly, Plaintiff's contentions that I was involved in the case against him are also unsupported and false. Although I was previously a member of the law firm of Mynatt Martinez Springer from 2005 through 2023, the law firm was not associated with Plaintiff's state law case at any time at which I was a member. Indeed, Plaintiff's state law case was not active during the time period of 2005 through 2023. (*See* Doc. 80-1 (stating in the court order that Plaintiff's challenge *on September 13, 2024*, to the City of Las Cruces's 2001 zoning decision was untimely as Plaintiff "*waited over twenty years* to bring his concerns before the Court.") (emphasis added).) No party took action in the case between 2005 and September 13, 2024. (*Id.*) By the time Mynatt Springer entered its appearance in the case in 2024, I was no longer affiliated with the firm because I was appointed as a United States Magistrate Judge for the District of New Mexico on March 10, 2023. *See The Honorable Damian L. Martínez Appointed United States Magistrate Judge for the District of New Mexico*, United States District of New Mexico (Mar. 10, 2023), https://www.nmd.uscourts.gov/news/honorable-damian-l-martinez-appointed-united-states-magistrate-judge-district-new-mexico. Accordingly, neither I nor my previous law firm was involved in the case prior to the time I was appointed as a magistrate judge. Furthermore, I was not affiliated with or associated with the case in 2001 (the earlier time period in which the *Anderson v. City of Las Cruces* case was active) as I graduated from law school in 2001 and began a four-year tour on active military duty. (*Id.*) In sum, I was never involved or affiliated with Plaintiff's case, and there is no factual support or showing that demonstrates my impartiality.

Finally, to the extent that Plaintiff objects to being denied the right to bring personal

3

computer equipment into the courtroom, this reason does not warrant recusal. It is the general policy in the District of New Mexico, and specifically in the Las Cruces courthouse, that only members of the bar are permitted to bring personal electronic equipment into the courthouse. In addition, it is the undersigned's practice to routinely inform pro se individuals and non-attorney participants that they must file a motion to bring personal electronic equipment into the courthouse. In this case, Plaintiff called the undersigned's chambers to ask whether he could bring a laptop into a hearing, and my clerk informed Plaintiff that he could file a motion requesting to bring the device into the courtroom. He did not do so. Thus, Plaintiff failed to specifically request allowance of his personal computer. Furthermore, Plaintiff does not explain how this policy or practice demonstrates any bias or prejudice toward Plaintiff when it is applicable to all pro se individuals or non-attorneys entering the courthouse, particularly when the pro se litigant or non-attorney may file a motion seeking the allowance of personal computer equipment. Finally, even if another magistrate judge was assigned to Plaintiff's case, the policy would remain applicable. Accordingly, Plaintiff does not demonstrate that any bias or prejudice toward him warrants recusal.

In sum, Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. Accordingly, Plaintiff's request for recusal of the undersigned is denied.

Finally, the Court notes that Plaintiff states in the heading of his document that he requests dismissal of the case without prejudice. He does not discuss, nor make any argument, for this request. Because Plaintiff fails to include any argument on this issue, the Court denies it without prejudice to refiling, subject to Plaintiff including his reasons for his request for dismissal.

**IT IS THEREFORE ORDERED** that Plaintiff's Declarations of Discrimination, Conflict of Interest, Request for Recusal, and Request for Dismissal of the Case without Prejudice (Doc.

4

77) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court reschedules the Show Cause Hearing, that was previously only partially conducted on April 2, 2026, due to Plaintiff's request for recusal during that hearing, as a Zoom hearing on June 23, 2026, at 10:00 a.m.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE