**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KENNETH ANDERSON,

Plaintiff,

v. No. 2:25-cv-0059 DHU/DLM

EL PASO ELECTRIC COMPANY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Kenneth Anderson's Motion for Summary Judgment. (Doc. 93.) Anderson asserts that his "allegations made against El Paso Electric [(EPE)] . . . are unanswered and as so entitle him to a judgment against [EPE]." (*Id.* at 1.) Although the time has not yet passed for EPE to respond to Anderson's motion, the Court "rules without awaiting further briefing because additional briefing would not impact the Court's ruling given the Motion's deficiencies" and the procedural posture of this case. *See Patton v. Sparks*, No. 23-3096 JWB/RES, 2024 WL 181826, at *3 (D. Kan. Jan. 17, 2024). For the reasons outlined below, the Court denies without prejudice Anderson's motion.

As the Court has cautioned Anderson previously (*see* Doc. 86 at 1), this district's local rules require a movant to "determine whether a motion is opposed" and provide that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a). Given that Anderson explicitly confirms he did not seek concurrence of opposing counsel for the current motion (*see* Doc. 93 at 1), the Court denies the motion without prejudice under Rule 7.1(a).

Moreover, pursuant to Local Rule 56.1, the party moving for summary judgment "must set out a concise statement of all of the material facts as to which the movant contends no genuine

issue exists." D.N.M. LR-Civ. 56.1(b). The movant must number the facts "and must refer with particularity to those portions of the record upon which the movant relies." *Id.* In return, the non-moving party must also provide "a concise statement of the material facts . . . as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed." *Id.* (bolding omitted). "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted." *Id.*

Here, Anderson sets out numbered paragraphs, but he does not refer with particularity to the record. (*See* Doc. 93 at 2–6.) Anderson generally refers to "exhibits and authorities" he has filed in this matter (*see id.* at 7), but such reference is not sufficient under the rules. As a result, the Court alternatively denies the motion without prejudice for failure to comply with Rule 56.1(b).

The Court also notes that Anderson bases his motion on the fact that his allegations "are unanswered . . . ." (*See id.* at 1.) This is true because "there is still a pending question regarding the operative complaint." (*See* Doc. 92 (citation omitted); *see also* Doc. 72.) Until the presiding judge has ruled on Anderson's Objections (*see* Doc. 87) and the Court has determined the operative complaint (*see* Docs. 72; 86 (noting that "because Plaintiff has filed multiple noncompliant pleadings in disregard of prior orders, the Court has not yet determined which filing will serve as the operative complaint")), it is inappropriate for Anderson to seek judgment on this basis.

**IT IS THEREFORE ORDERED** that Anderon's Motion for Summary Judgment (Doc. 93) is **DENIED WITHOUT PREJUDICE.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE